IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MORSE ELECTRIC, INC.,

    Plaintiff,

v.

STEARNS CONRAD AND SCHMIDT
CONSULTING ENGINEERS, INC.,

    Defendant.

Case No. 22-CV-91-JWB

## MEMORANDUM & ORDER

Presently before the court is Defendant's motion to dismiss or, alternatively, to transfer venue. (Doc. 16.) Defendant seeks to enforce a forum selection clause in the parties' contract. The motion is fully briefed and ripe for decision. (Docs. 23, 31.) For the reasons stated below, the motion is DENIED.

**I.    BACKGROUND**

This case involves a contract dispute between Plaintiff Morse Electric, Inc. ("MEI") and Defendant Stearns Conrad and Schmidt Consulting Engineers, Inc. ("SCS"). MEI is an Oklahoma corporation with its principal place of business in Porter, Oklahoma. (Doc. 14 at ¶ 5.) MEI is a "Premier Industrial Electrical Contractor" and specializes in mechanical interface, electrical services, automation, and instrumentation in the oil and natural gas industry. (*Id*. at ¶ 7.) SCS is a Virginia company with its headquarters in Long Beach, California that operates throughout the United States. (*Id*. at ¶¶ 6, 8.) SCS is an engineering firm specializing in environmental consulting and contracting. (*Id*. at ¶ 8.)

On September 9, 2020, SCS executed an agreement (the "Prime Contract") with Pine Bend RNG, LLC ("Pine Bend RNG") for construction of the Pine Bend Renewable Natural Gas Production Facility in Inver Grove Heights, Minnesota. (*Id*. at ¶ 10; *see also* Doc. 14-1 at 16-52;

Doc. 23-3 at 2-38.) The plant will be run by Fortistar, a privately-owned investment firm headquartered in White Plains, New York. (Doc. 14 at ¶ 10.)

On June 2, 2021, SCS and MEI entered into a subcontracting agreement for MEI to perform electrical construction services at the Pine Bend Site under Service Purchase Order 06-SO00430 (the "Subcontract"). (*Id*. at ¶ 11; *see also* Doc. 14-1 at 9-14; Doc. 23-2 at 2-7.) Article 16 of the Subcontract provides that the contract "shall be interpreted under and governed by the laws of the State in which the work is performed," i.e., Minnesota. (Doc. 23-2 at 6, Art. 16.) And Article 15 of the Subcontract provides:

> In the event of a dispute involving the Contract Documents or the Owner, Subcontractor shall be obligated to pursue the matter in accordance with the dispute resolution procedures under the Prime Contract.

(*Id.* at p. 5, Art. 15.)

The referenced dispute resolution procedures are found in § 17.3.1 of the Prime Contract, which provides:

> Each of the Parties hereby irrevocably consents and agrees that any legal action or proceedings arising out of or related to this Agreement brought pursuant to this Section 17.3 be brought either in federal district court of the United States or the trial courts of the state of Minnesota, and by execution and delivery of this Agreement, each of the Parties hereby (i) accepts the jurisdiction of the foregoing courts and (ii) irrevocably agrees to be bound by any final judgment (after any appeal) of any such court with respect thereto. Each of the Parties agrees that a final judgment (after any appeal) in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner to the extent provided by law.

(Doc. 23-3 at 34, § 17.3.1.)

On March 30, 2022, MEI filed this action against SCS and Pine Bend RNG. (Doc. 2.) On May 13, 2022, SCS and Pine Bend RNG filed separate motions to dismiss. (Docs. 10, 12.) On May 27, MEI filed a notice of dismissal, dismissing all claims against Pine Bend RNG. (Doc. 13.) On that same day, MEI filed an amended complaint. (Doc. 14.) MEI brings claims for breach of

contract, breach of the covenant of good faith and fair dealing, tortious interference, violation of the Minnesota Prompt Pay Act, and declaratory judgment against SCS. (*Id*. at 9-14.) The original motions to dismiss were subsequently denied as moot. (Doc. 34.)

On June 10, 2022, SCS filed its answer and counterclaim, bringing a single counterclaim for breach of contract. (Docs. 15, 17.) On that same day, SCS filed the present motion to dismiss this action under the *forum non conveniens* doctrine, or, alternatively, to transfer this action under 28 U.S.C. § 1404(a) to the District of Minnesota pursuant to the forum selection clause in the parties' contract. (Doc. 16 at 1.)

The case was reassigned to the undersigned on October 12, 2022. (Doc. 37.)

## II.     LEGAL STANDARDS

It is well settled that freely negotiated contracts, "unaffected by fraud, undue influence, or overweening bargaining power," should be given their full effect. *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 12-13 (1972). A forum selection clause contained in a freely negotiated contract is prima facie valid. *Id*. at 10. The clause is enforced unless the party challenging it "'clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (quoting *M/S Bremen*, 407 U.S. at 15).

The presence of a forum selection clause is a central factor when a district court considers the proper forum. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 58 (2013). The appropriate procedure to enforce a forum selection clause is a motion to dismiss on *forum non conveniens* grounds or a motion to transfer under 28 U.S.C. § 1404(a).[1] *Id*. Which particular

---

[1] "*Forum non conveniens* is a discretionary common law doctrine under which 'a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.'" *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 552 (10th Cir. 2023) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)).

avenue is appropriate depends on whether the forum section clause references a federal, state, or foreign forum. *Id*. at 59-60.

If the forum selection clause specifies a U.S. district court in which a plaintiff should have brought the case, the court analyzes the matter as a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine*, 571 U.S. at 60. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* In conducting this analysis, the court must not give any weight to the plaintiff's choice of forum and should not consider any arguments related to private interest factors. *Id*. at 63-64. The Court should instead consider the following public-interest factors:

> (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.

*Gschwind v. Cessna Aircraft Co*., 161 F.3d 602, 606 (10th Cir. 1998) (citations omitted).

But if the forum selection clause points to a state or foreign forum, the court considers the matter under the doctrine of *forum non conveniens*. Dismissal for *forum non conveniens* is proper when "an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred." *Kelvion, Inc. v. Petrochina Canada, Ltd*., 918 F.3d 1088, 1091 (10th Cir. 2019).

Whether analyzed as a § 1404(a) motion to transfer or a motion to dismiss on *forum non conveniens* grounds, the analysis is the same because § 1404(a) "is merely a codification of the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. Deference is given to the

contracted forum choice, and the plaintiff bears the burden of demonstrating why a transfer should not be granted. *Id.* at 64.

## III.   DISCUSSION

SCS moves to dismiss this action under the *forum non conveniens* doctrine or, alternatively, to transfer this action under 28 U.S.C. § 1404(a) to the District of Minnesota pursuant to the forum selection clause in the Prime Contract. (Doc. 16 at 1.) SCS contends that the Prime Contract contains a mandatory forum selection clause establishing that litigation shall be brought "in either the federal district court or trial courts of the State of Minnesota."[2] (Doc. 16 at 3.) But MEI contends that the language of the forum selection clause permits MEI to choose whether to bring suit in Minnesota state court or, alternatively, *any* federal district court. (Doc. 23 at 2.)

The scope of a forum selection clause is evaluated under ordinary principles of contractual interpretation. *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019). The Prime Contract's forum selection clause is found in § 17.3.1. It provides as follows:

> Each of the Parties hereby irrevocably consents and agrees that any legal action or proceedings arising out of or related to this Agreement brought pursuant to this Section 17.3 be brought either in *federal district court of the United States* or the *trial courts of the state of Minnesota*, and by execution and delivery of this Agreement, each of the Parties hereby (i) accepts the jurisdiction of the foregoing courts and (ii) irrevocably agrees to be bound by any final judgment (after any appeal) of any such court with respect thereto.

(Doc. 23-3 at 34, § 17.3.1 (emphasis added.))

According to SCS, "[t]his language is exclusive to the designated forum—federal district court or trial courts *of Minnesota*—and mandatory." (Doc. 16 at 8 (emphasis added.)) The court disagrees. The Tenth Circuit has instructed that the federal district court located in Minnesota is not a court *of* the *state* of Minnesota, but rather a court *of* the *United States of America*. *See Am.*

---

[2] SCS does not argue that this court is an improper venue under the federal venue statute, 28 U.S.C. § 1391.

*Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925-26 (10th Cir. 2005) (holding that phrase "Courts of the State of Colorado" in a forum selection clause is unambiguous and can only be read to include Colorado state courts because federal district courts are not courts *of* the various states in which they are located). This is because federal district courts "indisputably proceed from, and find their origin in, the federal government, not in the governments of the states in which they are located." *Id*. at 926.

Thus, the prepositional phrase "*of* the state of Minnesota"—as opposed to "*in* the State of Minnesota"—refers "to sovereignty rather than geography."[3] *Compare id*. at 925-26 (holding that "*of* the State of Colorado" only includes Colorado state courts); *and Dixon v. TSE Int'l. Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (interpreting "Courts *of* Texas" as referring exclusively to Texas state courts); *with Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (holding that a forum selection clause requiring disputes to be brought "in courts *in* the State of Ohio" did not exclude the federal district court for the Northern District of Ohio, which the court noted was unquestionably *in* Ohio).

As such, "of the state of Minnesota" is unambiguous and can only be read to include Minnesota state courts, i.e., "trial courts of the state of Minnesota." Likewise, "of the United States" can only be read to include federal courts, i.e., "federal district court of the United States." And because "of the state of Minnesota" does not refer to or modify "federal district court of the United States,"[4] the forum selection clause contains no geographical limitation on *which* federal

---

[3] In other words, the prepositional phrase "of the state of Minnesota" only modifies "trial courts," since the state trial courts are the only courts that proceed from, and find their origin in, the Minnesota government. Similarly, "federal district court" is only modified by the prepositional phrase "of the United States." Thus, "federal district court of the United States" is a complete phrase that makes no reference to geographical location.

[4] Indeed, the phrase "federal district court of the United States . . . of the state of Minnesota" is grammatically incoherent. Arguably, "federal district court . . . of the state of Minnesota" could be understood to be referring to the U.S. District Court for the District of Minnesota, which has jurisdiction over the entire state. However, this reading of § 17.3.1 would require the court to completely disregard the prepositional phrase "of the United States." General

6

district court an action may be brought. Thus, while § 17.3.1 specifies Minnesota as the only appropriate *state* court forum where litigation may be brought, it in no way designates a specific *federal* court as the exclusive forum in which litigation may be brought. Rather, litigation may be brought in *any* "federal district court of the United States."[5] *See AT&T Corp. v. Care Med. Equip.*, 2006 WL 1371651, at *3 (D. Ore. 2006) (holding that forum selection clause requiring action be brought "in a court in New Jersey, or in the Federal District Court having jurisdiction" means that action could be brought in any federal district court with jurisdiction); *Affine Comm'c'ns, LLC v. ezTel Comm'c'ns, LLC*, 2002 WL 1461698, at *2 (S.D. Ind. 2002) (holding that clause which stated only that venue is proper in "the U.S. District Court," without mentioning any geographical limitation on such venue, "clearly and unambiguously directs all related disputes to any of the federal district courts, not simply the district courts of Mississippi").

Accordingly, MEI was within its contractual rights to select this forum, as the United States District Court for the Eastern District of Oklahoma is a "federal district court of the United States."[6] Finding that venue properly lies in this court under the unambiguous terms of the parties'

---

contract principles provide that an interpretation which gives a reasonable and effective meaning to all the terms of the contract is preferred to an interpretation which leaves a part inoperative, meaningless, or of no effect. *See United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998). Thus, the interpretation which gives effective meaning to all the terms of the contract, is that the parties were separately referring to two courts: (1) any "federal district court of the United States," without reference to geographical location; and (2) the "trial courts of the state of Minnesota."

[5] While this type of forum selection clause is somewhat unusual, the court notes that "[t]here is no requirement that such clauses express a geographical preference." *Affine Comm'c'ns, LLC*, 2002 WL 1461698, at *2.

[6] The court notes that § 17.3.1 also authorized venue in the United States District Court for the District of Minnesota. If venue in a federal district court is proper under a valid forum selection clause, but another proper federal district court would be a more convenient forum, the court may order that the case be transferred to the other court under 28 U.S.C. § 1404(a). However, "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Cohen v. Waxman*, 421 F. App'x 801, 803 (10th Cir. 2010). Here, SCS invokes § 1404(a) solely for the purpose of enforcing the forum selection clause. This analysis does not give any weight to the plaintiff's choice of forum and does not consider any arguments related to the § 1404(a) private interest factors. *See Kufahl v. Spaulding Decon Indus., Corp.*, 2019 WL 12313530, at *1 (D. Kan. 2019) (explaining distinction between the § 1404(a) analysis on a typical motion to transfer venue and the § 1404(a) analysis when a party is seeking to enforce a forum selection clause). SCS does not argue that transfer is warranted under § 1404(a) for reasons independent of the forum selection clause, and consequently fails to address the proper weight afforded to

forum selection clause, the court denies SCS's motion. *See Affine Comm'c'ns, LLC*, 2002 WL 1461698, at *2 (denying motion to dismiss for improper venue where the parties' forum selection clause unambiguously authorized venue in any federal district court); *AT&T Corp.*, 2006 WL 1371651, at *3 (denying motion to dismiss for improper venue where forum selection clause authorized venue in any "Federal District Court having jurisdiction" and the moving party did not argue that the U.S. District Court for the District of Oregon lacked jurisdiction).

IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant SCS's motion to dismiss or alternatively, to transfer venue (Doc. 16) is DENIED.

IT IS SO ORDERED.  Dated this 17th day of July, 2023.

*s/John W. Broomes*
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

MEI's choice of forum or the private interest factors.  Accordingly, the court finds that SCS has failed to establish that transfer is warranted pursuant to § 1404(a) due to the existing forum being inconvenient.