IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORSE ELECTRIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-91-JWB-GLJ |
| | ) |
| STEARNS, CONRAD AND | ) |
| SCHMIDT CONSULTING | ) |
| ENGINEERS, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses [Docket No. 108]. This action arises out of a contract dispute between Plaintiff Morse Electric, Inc. and Defendant Stearns, Conrad and Schmidt Consulting Engineers, Inc. On August 24, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 [Docket No. 44]. For the reasons stated below, Defendant's Motion to Compel Discovery Responses [Docket No. 108] is GRANTED.

**Procedural Background**

Plaintiff filed its Complaint on March 30, 2022. *See* Docket No. 2. On June 10, 2022, Defendant Stearns, Conrad and Schmidt, Consulting Engineers, Inc. filed its Moton to Dismiss, or Alternatively, Motion to Transfer Venue with Brief in Support and its Answer, Affirmative Defenses, and Counterclaim against Morse Electric, Inc. *See* Docket Nos. 16 & 17. Subsequently, on July 25, 2022, the Court entered a minute order finding

"good cause for delay in entering a scheduling order in this case as there are pending dispositive motions which should first be resolved. Additionally, the Court has a significant number of criminal cases awaiting trial due to the COVID-19 pandemic and the decision of the Supreme Court in *McGirt v. United States*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020)." *See* Docket No. 35. On October 12, 2022, the case was reassigned to U.S. District Judge John W. Broomes, serving in this case by designation pursuant to 28 U.S.C. § 292(b). *See* Docket No. 37. On July 27, 2023, the Court denied Defendant's Motion to Dismiss, or Alternatively, to Transfer Venue. *See* Docket No. 39. On August 31, 2023, the first Scheduling Order was entered. *See* Docket No. 46. On September 22, 2023, Plaintiff filed its Motion to Stay and Compel Arbitration. *See* Docket No. 51. On December 21, 2023, the undersigned Magistrate Judge entered a Report and Recommendation that Plaintiff's Motion to Stay and Compel Arbitration be denied, and the recommendation was adopted by the Court and such motion was denied on January 23, 2024. *See* Docket Nos. 64 & 65.

On April 11, 2024, Plaintiff requested and received an extension of time to the deadlines in the Scheduling Order. *See* Docket Nos. 67 & 68. On May 15, 2024, Defendant served its first written requests for production of documents on Plaintiff, to which Plaintiff did not respond until July 9, 2024, and in which it stated it would produce documents "on a rolling basis" within 30 days. *See* Docket No. 108, Ex. A-21 & A-22. On July 11, 2024, Defendant served its first interrogatories on Plaintiff. *See* Docket No. 108, Ex A-5. On July 31, 2024, Plaintiff filed a motion for a second extension to the scheduling order, which was granted after a hearing. *See* Docket Nos. 75, 84 & 86. Although Plaintiff's answers

to Defendant's first interrogatories were due August 12, 2024, Plaintiff emailed Defendant on August 16 2024, informing counsel that the answers "are not yet finalized." *See* Docket No. 108, Ex. A-6. On August 20, 2024, Plaintiff served answers to the first eight of sixteen interrogatories propounded by Defendant. *Id.*, Ex. A-7. On October 3, 2024, Defendant filed its Amended Motion to Set Discovery Dispute Process as required under the Scheduling Order. *See* Docket No. 94. On October 4, 2024, due to the undersigned Magistrate Judge's hearing scheduling for the following week, the discovery dispute conference was set for October 15, 2024. *See* Docket No. 96. On October 11, 2024, Plaintiff served answers to Defendant's interrogatories 9-16. *See* Docket No. 108, Ex. A-9. After further efforts to resolve discovery matters after the discovery dispute conference failed, on November 1, 2024, Defendant filed its Motion to Compel Discovery Responses. *Id*.

Defendant seeks an order that: (1) Plaintiff waived any objections to any interrogatory due to untimely responses; (2) Plaintiff supplement its Fed. R. Civ. P. 26(a)(1)(A)(iii) disclosures to set forth a computation of damages; (3) Plaintiff produce all Electronically Stored Information ("ESI") in accordance with the ESI protocols agreed to in the Scheduling Order, including providing custodians; and (4) Plaintiff supplement responses to requests for production numbers 7, 8, 9, 11, and 38, specifically including Plaintiff's job cost report and native versions of Plaintiff's schedules. *Id*. Defendant also seeks to recover its attorneys' fees and costs for brining the motion to compel. *Id*.

**Analysis**

**I.   Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26(b)(1) is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights" of the parties. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). In other words, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin International, Inc.*, 339 F.R.D. 171110 Fed.R.Serv.3d 538 (D. Kan. (2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). But "when the request is overly broad

on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id*.

## II. Timeliness of Defendant's Motion to Compel

Before addressing the substance of Defendant's motion, it is first necessary to address Plaintiff's general objection to the motion as untimely. Plaintiff argues that even though this case was filed in 2022, Defendant waited without explanation until May 15, 2024 and July 11, 2024, to serve its first document requests and interrogatories, respectively. *See* Docket No 121, p. 2. Plaintiff also argues that because Defendant did not file its motion to compel until 15 days after the close of discovery and after filing its motion for summary judgment, Defendant's motion should be denied as untimely. *Id*., pp. 3-7. Plaintiff cites to multiple cases holding that undue delay in filing a motion to compel is a basis for its denial, including specifying eight factors to consider. *Id*., pp. 5-7. The eight factors to consider are: 1) the length of time since expiration of the discovery deadline; 2) the length of time the moving party has known about the discovery; 3) whether the discovery deadline has been extended; 4) the explanation for the tardiness or delay; 5) whether dispositive motions have been scheduled or filed; 6) the age of the case; 7) any prejudice to the party from whom discovery is sought; and 8) disruption of the Court's schedule. Id., pp. 6-7 (citing *Herndon v. City of Henderson*, 507 F. Supp.3d 1243, 1247-48 (D. Nev. 2020)).

After considering the factors outlined above, the undersigned Magistrate Judge does not find that Defendant unduly delayed filing its motion to compel. First, Plaintiff ignores the procedural history of this case, including the time it took to resolve the motion to

dismiss or transfer venue, the delay in entering a scheduling order due to caseloads in this district, and the reassignment of the case to a new judge. Moreover, after the dispositive motions were resolved on July 27, 2023 and a schedule was entered on August 31, 2024, Plaintiff filed a motion to stay and compel arbitration, which was denied on January 23, 2024. Thus, it does not appear either party engaged in discovery until May 2024.

Further, Defendant filed its motion only 15 days after the close of discovery. As Defendant notes, all the cases Plaintiff cites involve delays of many months or, in some cases, years after the close of discovery. Second, as set forth above, Plaintiff responded to Defendant's document requests on July 9, 2024 and began producing documents on a rolling production, and only partially answered Defendant's first interrogatories on August 20, 2024. Plaintiff did not answer the remaining interrogatories until October 11, 2024. Nonetheless, beginning on September 19, 2024, Defendant notified Plaintiff of certain discovery deficiencies and attempted multiple times to meet and confer to resolve the matter, only to be told by Plaintiff's attorney that he was too busy to do so. *See* 108, Ex. A-2. Following the process set forth in the scheduling order, Defendant moved for a discovery dispute conference on October 4, 2021, but the undersigned Magistrate Judge was unable to conduct such conference due to a previously scheduled week long hearing until October 15, 2024. During a meet and confer between counsel after the discovery dispute conference, Plaintiff apparently represented to Defendant that it would supplement discovery responses in "at least 2-3 weeks." *See* Docket No. 108, p. 3. After Plaintiff failed to supplement, Defendant filed its motion to compel. While this timeline may indicate misplaced patience with Plaintiff's counsel, nothing indicates any undue delay on

Defendant's part. Defendant promptly raised discovery deficiencies, attempted to meet and confer to resolve those issues and followed the discovery dispute process set forth in the scheduling order. Lastly, there is no apparent prejudice to Plaintiff or a disruption of the Court's schedule. This matter is set for a bench trial to begin on April 22, 2025 and there is no indication that any order compelling the discovery at issue would delay the trial. Therefore, the undersigned Magistrate Judge does not find that Defendant's motion should be denied as untimely.

### III. Waiver of Objections to Interrogatories

Defendant first asserts that by answering interrogatories late, Plaintiff waived any objections it might have. As noted above, neither tranche of Plaintiff's answers to Defendant's interrogatories were provided within the permitted 30 days. Rule 33 explicitly states: "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Plaintiff does not offer any cause or justification for its failure to state objections in a timely manner. As such, Plaintiff's objections to the interrogatories are waived and Plaintiff must fully answer each interrogatory within 21 days of the entry of this Order.

### IV. Supplement Rule 26(a) Disclosure Regarding Computation of Damages

Defendant seeks an order compelling Plaintiff to supplement its Rule 26(a) disclosures to set forth a computation of its alleged damages. Rule 26(a) provides that "a party must, without awaiting a discovery request" provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless

privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party who makes a disclosure under Rule 26(a) "must supplement or correct its disclosure or response" and do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(d)(1)(A).

Plaintiff initial disclosed its damages as $1,444,108.91 for breach of contract. *See* Docket No. 108, p. 4. Plaintiff further stated that it "reserve[s] the right to amend and/or supplement these disclosures should additional information become available during the course of discovery." *Id*. As part of its response to the Motion to Compel, Plaintiff included its Supplement Answer to Defendant's Interrogatories. *See* Docket 121, Ex. 1. In its supplemental answer to Interrogatory No. 12, Plaintiff breaks down its total damage claim into 12 separate categories, including $250,000 for "Change Order No. 16" and $500,000 for "Delay Claim and Lost Profit Estimate". *Id*., p. 4.[1] In addition to its supplemental answer to interrogatories, Plaintiff claims that "there is no single formula anywhere found in case law, defining or limiting how an interference or delay claim is proven. It is all fact driven based on the testimony of the witnesses, how the evidence evolves at trial, the believability of the witnesses and how this Court views the testimony and evidence." *See* Docket No. 121, p. 12. Moreover, Plaintiff argues that Defendant

---

[1] Plaintiff's damages now total $1,398,503.39. *Id*.

obtained answers to its questions regarding the delay and interference claims through its multiple days of deposition of Jon French, Brian Morse and Darren Nightingale. *Id*. However, Plaintiff does not provide those sections of the depositions in which it claims the answer were provided and Defendant argues that Plaintiff's corporate representative witnesses were unable to explain or offer any information regarding Plaintiff's damages. *See* Docket No. 108, p. 5 and Ex. B.

Rule 26 disclosures are designed to "accelerate" the exchange of basic information and help focus the parties on what discovery is necessary, either for settlement or for trial. *McCrary v. Country Mut. Ins. Co.*, 2014 WL 314777, at *1 (N.D. Okla. Jan. 28, 2014) (citing *McKinney v. Reassure Am. Life Ins. Co.*, 2006 WL 3228791, at *2 (E.D. Okla. Nov. 2, 2006) (quoting *Sender v. Mann*, 255 F.R.D. 645, 650 (D.Colo.2004)). Disclosure of basic damages information is also required by principles of due process and fundamental fairness. *Id.*, at *1. "Put differently, a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Shelton v. Sha Ent, LLC*, 2021 WL 1407968, at *1 (WD. Okla. April 14, 2021) (quoting *Campbell v. CSAA Fire & Cas. Ins. Co.*, 2020 WL 3244010, at *1 (W.D. Okla. June 15, 2020)).

Plaintiff's supplemental answers to interrogatories now sets forth, at least in general terms, the computation of its damages by setting forth the twelve categories of damages and an amount for each category. What Plaintiff does not appear to have done, however, is to provide or identify the documents supporting its damage computation for each

category. In particular, Plaintiff provides no apparent basis for its claim for $250,000 for "Change Order No. 16" and $500,000 for "Delay Claim and Lost Profit Estimate." *See* Docket No. 121, p. 4. Indeed, Plaintiff apparently concedes this point when it simply declares that its damages are "fact driven" and will be developed by evolving evidence and witness testimony at trial. *Id*., p. 12. That is not how discovery is conducted. It is Plaintiff's obligation to provide those facts in its possession during discovery that drive its damages and not force Defendant to wait until trail. The fact there is no single formula for determining such damages is not the same as not providing the facts upon which Plaintiff's damages are computed. The goal of Rule 26(a) disclosures is to "avoid trial by ambush." *McCrary*, 2014 WL 314777, at *1 (citing *McKinny*, 2006 WL 3228791, at *2 (citing *American Realty Trust, Inc. v. Matisse Partners LLC*, 2002 WL 1489543 (N.D. Tex. July 10, 2002) ("It is simply unfair for any defendant to remain in forced ignorance regarding this number [damages] until the rebuttal portion of a plaintiff's closing argument."))). This is particularly true here, where Defendant alleges its attempts to gather information about or an understanding of Plaintiff's damage calculations were thwarted by Plaintiff's corporate representatives' lack of knowledge as to how the damages were calculated or derived.

Therefore, Plaintiff is ordered to comply with its Rule 26(a) disclosure obligations and either provide or identify all documents or other evidence upon which its damage computations are based within 21 days of the entry of this Order. Failure of Plaintiff to do so could result in it not being "allowed to use that information or witnesses to supply

evidence on a motion, at hearing or at a trial, unless the failure was substantially justified or is harmless." *Stovall v. Brykan Legends, LLC*, 2019 WL 1014731, at *2 (D. Kan. March 4, 2019) (quoting Fed. R. Civ. P. 37(c)(1)).[2]

### V.    Document Production Pursuant to ESI Protocols

Defendant alleges that Plaintiff's document production does not comply with the applicable ESI Protocols for this case, specifically that certain production documents were not produced as Load Files or in native format and custodial information was not provided. *See* Docket No. 108, pp. 6-7. In particular, Defendant alleges that Plaintiff primarily produced documents and emails that were scanned pdfs rather than in native format, with some having handwriting on them, some were multiple documents scanned as a single PDF, and some as incomplete or unrelated PDF scans. *Id*. Plaintiff summarily dismissed its failure to comply with the ESI protocols as a "substantive non-issue." *See* Docket No. 121, p. 8. The undersigned Magistrate Judge disagrees.

As part of the Scheduling Order, the parties were directed to "file a joint proposed plan, or separate proposed plans if the parties cannot agree, setting forth how electronically

---

[2] "Although the court 'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,' the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness. The alleged Rule 26 violator bears the burden to demonstrate 'substantial justification or the lack of harm.' If the court finds that the violation is not justified or harmless, the court may also impose additional sanctions; it '(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).'" *Stovall*, 2019 WL 1014731, at *2 (citations omitted).

stored information (ESI) in this case will be handled." *See* Docket No. 46, ¶ 2(g). Defendant submitted its proposed ESI Protocols. *See* Docket No. 49, Ex. A. After Plaintiff failed to respond, the undersigned Magistrate Judge adopted the Defendant's ESI Protocols and made them a part of the scheduling order in this case. *See* Docket No. 61. Compliance with the scheduling order, including the ESI protocols contained in it, is not optional and parties may not unilaterally decide what parts of the scheduling order are substantive issues and what are non-issues. Plaintiff must produce all documents containing ESI in compliance with the ESI protocols within 21 days of the entry of this Order.

### V.     Supplement Specific Requests for Production

Defendant alleges that, despite not asserting any objection and stating it would produce responsive documents on a rolling basis, Plaintiff has not produced all documents responsive to document requests numbers 7-9, 11, and 38. Defendant specifically alleges that Plaintiff failed to produce certain weekly schedule updates and job cost reports. *See* Docket No. 198, p. 9. Plaintiff responds, "SO WHAT" to its nonproduction as the schedules and argues the cost reports are not relevant, it produced all responsive documents in its possession, and Defendant can obtain the schedules from a non-party subcontractor, PDDM. *See* Docket No 121, pp. 8-9. Plaintiff also asserts that many of the responsive documents were transmitted by Jon French from his personal computer and that his computer subsequently "crashed." *Id*.

The undersigned Magistrate Judges first notes that the requested documents appear to be relevant and thus, the burden is on Plaintiff to demonstrate that the documents "(1)

[do] not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. at 653.  Defendant argues the schedule reports are relevant because they would show any alleged delays caused by Defendant and the job cost report is relevant to defend against Plaintiff's claim for lost profits and delay damages.  *See* Docket No. 125, pp. 8-9.  Plaintiff argues the documents are not relevant because Defendant's contract was a fixed price contract, a position Defendant disputes.  The undersigned Magistrate Judge finds that Plaintiff has not carried its burden and that the requested documents are relevant for discovery purposes.  "Information within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").

Plaintiff also argues there may not be any schedules to produce because Mr. French's computer crashed.  However, Plaintiff offers no affidavit or other evidence upon which to evaluate its assertion that Mr. French's computer crashed or what, if any, investigation was undertaken to assess the computer and whether any responsive information or documents can be recovered from it.  This is particularly troubling given that Plaintiff apparently never notified Defendant of Mr. French's computer crash until its response to the motion to compel.  While Rule 34 only requires a party to produce documents that are already in existence," *Georgacarakos v. Wiley*, 2009 WL 924434, at *2

(D. Colo. April 3, 2009) (noting that "if a requested document is not in the possession of a party or non-party, such person need not create the nonexistent document"), it is not acceptable to simply say "the dog ate my homework." Plaintiff must document what happened and what it has done to investigate the computer crash and to recover responsive documents or the Court may take other steps.[3]

Plaintiff also asserts that Defendant can obtain some or all the requested documents from a non-party. *See* Docket No. 121, p. 8. That is not how discovery works. As a party to this litigation, Plaintiff has an obligation to cooperate in discovery. Moreover, it is not enough that the requested documents can be obtained from a nonparty. "[T]he Court generally agrees with the premise that discovery should first be obtained from a party before resorting to seeking it from a nonparty." *Tank Connection, LLC v. Haight*, 2015 WL 3571424, at *6 (D. Kan. June 5, 2015); s*ee also U.S. v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 580 (D. N.M. 2015) ("'at least one commentator indicates that if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45.'" (quoting *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996)) (brackets omitted). Plaintiff offers no explanation as to why it should not

---

[3]*See, e.g.*, *P.J. ex rel. Jensen v. Utah*, 247 F.R.D. 664, 672 (D. Utah 2007) (allowing defendants limited access to the relevant documents on plaintiffs' crashed hard drive and computer because the plaintiffs provided only relevant research documents that had been saved or printed); *Orrell v. Motorcarparts of Am. Inc.*, 2007 WL 4287750, at *2 (W.D.N.C. Dec. 5, 2007) (forensic examination allowed where corporate computer was "wiped," home computer "crashed," and e-mails supporting the claim would have been housed on those computers); *Benton v. Dlorah, Inc.*, 2007 WL 3231431, at *2 (D. Kan. Oct. 30, 2007) (forensic inspection granted of personal computer from which deleted e-mails were sent, if employee failed to produce such e-mails).

meet its discovery obligations and produce all responsive documents rather than force Defendant to seek production from a nonparty.

Therefore, Plaintiff must produce all documents responsive to document request numbers 7-9, 11, and 38 in accordance with the applicable ESI protocols and state if it is withholding any documents based on any objection within 21 days of the entry of this Order. To the extent Plaintiff asserts it is not in possession of any such responsive document due to a computer malfunction or "crash," then Plaintiff shall provide by affidavit within 21 days of the entry of this Order an explanation of such malfunction or crash and a statement as to what steps have been taken to investigate the malfunction or crash and to retrieve or recover any responsive documents from such computer.

## VI.     Availability of an Expense Award Under Rule 37

Defendant seeks an order directing Plaintiff to pay its reasonable expenses, including attorney's fees, in bringing its motion to compel. Rule 37(a)(5) provides that if a party's motion to compel is granted, the court "must" "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(1)(A). The court may not order such payment if certain conditions are met, including that "other circumstances make an award of expenses unjust." *Id*. at Rule 37(a)(5)(A)(iii). "The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice

even."  8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2284 (3d ed. 2010); *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971) ("The protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion.").

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (internal quotation marks and brackets omitted).  In the Tenth Circuit, courts consider the following non-exclusive criteria: "'(1) the degree of actual prejudice . . .; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)).  Courts should impose the least harsh sanction that is appropriate.  In determining an appropriate sanction for discovery misconduct, the mildest sanction is "an order to reimburse the opposing party for expenses caused by the failure to cooperate." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Development & Trade Svcs., Inc.*, 2005 WL 1958361, at *10 (S.D.N.Y. Aug. 16, 2005).

Defendant argues the sanction of reimbursing its costs and fees in bringing the motion is warranted because it made multiple good faith attempts to resolve the discovery issues but was unable to do so because Plaintiff's counsel refused to meet, provided excuses

and did not complete promised discovery. Plaintiff does not specifically address the merits of awarding any sanction.

Based on the facts and circumstances of this matter as well as the *Ehrenhaus* factors, the undersigned Magistrate Judge concludes that an award of Defendant's attorneys' fees and costs in bringing this motion is appropriate. Plaintiff has not fulfilled its obligations to cooperate in discovery and in its response continues to make excuses and dismiss its conduct as a non-issue. To the contrary, Plaintiff failed to timely supplement its Rule 26(a) disclosure for its damage computation, and, even now, has failed to properly produce or identify documents and facts supporting such computation. Plaintiff disregarded the ESI protocols and for the first time in its response claimed that requested documents were lost due to a computer crash without any further explanation. Moreover, although Plaintiff alleges Defendant is not actually prejudiced by its conduct, it is clear that Plaintiff's discovery failures prevented Defendant from obtaining facts Plaintiff intends to offer in support of its damages, thereby impeding its defense. It is not enough to say damages will be "proven by tens or hundreds of facts" without identifying those tens or hundreds of facts. This deficit was compounded by Plaintiff's witnesses lack of knowledge during depositions about such a basic component of its claim. Plaintiff's counsel is an experienced attorney who knows or should know the rules as well as the consequences for disregarding them. Lastly, as noted above, an award of fees and expenses is the mildest sanction for a party's failure to cooperate in discovery.

Therefore, the undersigned Magistrate Judge finds it is proper for Plaintiff to pay Defendant its "reasonable expenses incurred in making" the motion to compel, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the parties cannot agree on the amount of these expenses within 14 days, Defendant may submit to the Court an itemization of its claimed expenses and Plaintiff may respond within 7 days thereafter.

## Conclusion

Accordingly, Defendant's Motion to Compel Discovery Responses [Docket No. 108] is GRANTED.

IT IS SO ORDERED this 23rd day of December 2024.

*[signature]*

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**