IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MORSE ELECTRIC, INC.,
    Plaintiff,

v.                    Case No. 22-91-JWB

STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC.,

  Defendant.

**MEMORANDUM AND ORDER**

  This matter is before the court on the parties' cross motions for summary judgment (Docs. 92, 117) and Plaintiff's motion for leave to file a sur-reply (Doc. 109). Defendant hired Plaintiff to perform electrical construction services for the Pine Bend Renewable Natural Gas Production Facility in Inver Grove Heights, Minnesota. The parties entered into an agreement regarding the scope of these services on June 8, 2021, and the initial fixed price under the agreement was $1,771,100. Defendant paid Plaintiff more than $1.4 million under the agreement for work on the project. (Doc. 126 at 2.) Change orders were also submitted during the project which increased the amount due under the contract.

  The parties dispute events that occurred in February 2022. Defendant contends that Plaintiff abandoned the job on February 4. According to Plaintiff, it was locked out of the job site on February 8, 2022, and it did not abandon the project. Defendant retained PCL Industrial Services to complete the electrical work on the project. (*Id.* at 7.) On March 30, 2022, Plaintiff filed this action against Defendant. (Doc. 1.) Plaintiff's claims include breach of contract, tortious interference with prospective economic gain, violations of the Minnesota Prompt Pay Act, and a claim for declaratory judgment. (Doc. 126 at 10.) Defendant filed a counterclaim asserting a claim

1

of breach of contract. Defendant contends that due to Plaintiff's breach it hired PCL to complete the work that Plaintiff was contracted to complete and suffered damages of more than $1 million. (*Id.* at 13–15.) The agreement provides that, in the event of noncompliance by Plaintiff, Defendant is entitled to recover its costs to complete the work to the extent the costs exceeds the unpaid balance of the contract price. (Doc. 117-11 at 21.)

Both parties have now filed motions for summary judgment. Plaintiff moves for partial summary judgment on Defendant's claim for liquidated damages and on Plaintiff's claim under the Minnesota Prompt Pay Act. (Doc. 92.) Defendant moves for summary judgment on all of Plaintiff's claims. (Doc. 117.)

After review, the court finds that there are genuine disputes of material fact as to the claims with two exceptions. Plaintiff seeks summary judgment on Defendant's claim of liquidated damages. Defendant, however, dropped its claim of liquidated damages as set forth in the pretrial order. (Doc. 126 at 16.) Therefore, Plaintiff's motion as to this claim for damages is granted. Defendant moves for summary judgment on Plaintiff's claim of declaratory judgment. Plaintiff failed to respond to Defendant's motion regarding this claim. (*See* Doc. 123.) Therefore, Defendant's motion for summary judgment on this claim is granted as Plaintiff has waived this claim.[1]

The parties' motions for summary judgment (Docs. 92, 117) are GRANTED IN PART AND DENIED IN PART as stated herein. Plaintiff's motion for leave to file a sur-reply (Doc. 109) is GRANTED. The remaining claims will be tried by the court on April 22, 2025, in Wichita, Kansas.

---

[1] During the pretrial conference, the court inquired as to the basis for this claim. Plaintiff's counsel could not articulate the basis of this claim but continued to assert that it was a viable claim.

IT IS SO ORDERED.  Dated this 13th day of January 2025.

                ___s/ John Broomes_____
                JOHN W. BROOMES
                UNITED STATES DISTRICT JUDGE