IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MORSE ELECTRIC, INC.,
    Plaintiff,

v.                     Case No. 22-91-JWB

STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC.,

  Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection to Magistrate Judge Jackson's Report and Recommendation ("R&R"). (Doc. 120.) For the reasons set forth herein, the objection is OVERRULED and the R&R is ADOPTED.

**I. Background**

Pursuant to scheduling orders entered in this case, the parties were to submit settlement conference statements to the settlement judge, Magistrate Judge Robertson, prior to the parties' mediation. (Docs. 59, 88.) Pursuant to the settlement conference order, the statements were to include "the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed." (Doc. 59 ¶ 8.) Defendant submitted its statement by email to the court. It was not filed on the docket. According to Plaintiff, Defendant's statement included information that the parties had unsuccessfully mediated the case in February 2023. Defendant also attached the mediator's written evaluation of the case. (Doc. 106 at 2.)

On October 17, 2024, Plaintiff filed a motion for sanctions asserting that Defendant violated Oklahoma law and this court's local rules by attaching the mediator's evaluation to its

1

statement to the magistrate judge.  (Doc. 100.)  On October 31, Magistrate Judge Jackson recommended that the undersigned deny the motion after concluding that Defendant had not violated Oklahoma law or this court's rules.  (Doc. 106.)  Plaintiff has now filed an objection to the R&R.

II.    **Standard**

On a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . . .'").

III.   **Analysis**

Plaintiff objects to Magistrate Judge Jackson's determination that Defendant did not violate Oklahoma law by submitting the mediator's evaluation to Magistrate Judge Robertson.  In the objection, Plaintiff states that the court erred in finding that the Oklahoma Mediation Act was not violated and asserts that a "privileged and confidential report was published in this case."  (Doc. 120 at 6.)

The Oklahoma Mediation Act states that any work product of a mediator is privileged and confidential and that no part of the proceedings shall be considered a matter of public record.  *See* 12 OKLA. STAT. § 1805.  Assuming that this provision is applicable to documents filed in federal court, there is no indication that the Act was violated.  Rather, Defendant submitted the mediator's

statement confidentially to the magistrate judge. Defendant did not file the statement on the public record. Therefore, Magistrate Judge Jackson did not err in finding that the Act was not violated. Plaintiff's objection fails to point to any authority in support of its position. Rather, Plaintiff has cited cases where the parties included confidential material in public filings. (Doc. 120 at 5) (citing *Shields v. Fed'n Internationale De Natation*, No. 18-CV-07393-JSC, 2022 WL 298575, at *3 (N.D. Cal. Feb. 1, 2022) and *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010)). Further, to the extent Plaintiff asserts that Defendant violated this court's rules, Plaintiff has failed to specifically identify how Defendant's actions did so. The statement was submitted to show the settlement negotiation history of this matter prior to court ordered mediation and it was not filed on the public record. As noted by Magistrate Judge Jackson, such information is helpful to the settlement judge to prepare for a settlement conference, and Plaintiff has failed to show how the submission of the statement prejudiced it. (Doc. 106 at 4.)

### IV.   Conclusion

Plaintiff's objection (Doc. 120) is OVERRULED. Magistrate Judge Jackson's R&R (Doc. 106) is ADOPTED and Plaintiff's motion for sanctions (Doc. 100) is DENIED.

IT IS SO ORDERED. Dated this 13th day of January 2025.

                                                 s/ John Broomes
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE