IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MORSE ELECTRIC, INC.,

        Plaintiff,

v.                                     Case No.  22-91-JWB

STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection to Magistrate Judge Jackson's order granting Defendant's motion to compel and Plaintiff's motion to supplement.  (Docs. 129, 133.) For the reasons set forth herein, Plaintiff's objections to the ruling are OVERRULED and the motion to supplement is DENIED.

I.    **Background**

On March 30, 2022, Plaintiff filed this action against Defendant which arises out of the parties' contract for Plaintiff to provide certain electrical services on the Pine Bend job.  (Doc. 1.) Plaintiff's remaining claims include breach of contract, tortious interference with prospective economic gain, and violations of the Minnesota Prompt Pay Act.  (Doc. 131.)  Defendant has a counterclaim for breach of contract.

Shortly after this matter was filed, Defendant moved to dismiss or alternatively transfer venue.  (Doc. 16.)  The district judge then assigned to this matter entered an order finding good cause to delay a scheduling order.  (Doc. 35.)  In October 2022, the case was transferred to the undersigned.  (Doc. 37.)  On July 17, 2023, the motion to dismiss was denied.  The court held a

1

status conference with the parties and referred the matter to Magistrate Judge Jackson for discovery. (Doc. 44.) On August 31, the first scheduling order was entered and shortly thereafter, Plaintiff filed a motion to stay and compel arbitration. (Doc. 51.) That motion was denied. (Docs. 64, 65.) The first scheduling order instructed the parties to submit their proposed electronically stored information (ESI) protocols. (Doc. 46 ¶ 2(g).) Defendant did so by filing a motion to adopt its proposed procedure. (Doc. 49.) Plaintiff did not file a response in opposition to Defendant's motion to adopt its ESI procedure even though Plaintiff was granted two extensions to respond. Plaintiff also did not submit its own proposal for ESI discovery. The court adopted Defendant's protocol and no objection to that order was filed. (Doc. 61.) On April 11, 2024, Plaintiff requested an extension of time for the discovery deadlines. (Doc. 67.) The motion was granted. (Doc. 68.)

On May 15, 2024, Defendant served its first written requests for production of documents to Plaintiff. Plaintiff did not respond until July 9, 2024, and also stated that it would produce documents "on a rolling basis" within 30 days. (Doc. 128 at 2.) On July 31, Plaintiff filed a motion for a second extension of the scheduling order. (Doc. 75.) A hearing was held on the motion on August 12. (Doc. 84.) After the hearing, the motion was granted and a third amended scheduling order was entered. (Doc. 87.) That order set the discovery deadline as October 15. The order did not include a deadline for motions to compel.

Plaintiff's answers to interrogatories were due on August 12 but Plaintiff did not serve the answers on that date. On August 20, Plaintiff served answers to eight out of sixteen interrogatories. (Doc. 108-1 at 55.) Plaintiff's counsel emailed defense counsel to inform them that Plaintiff was diligently working on the rest of the responses and that they should be finalized by the end of the week. (Doc. 108-1 at 61.) On October 3, Defendant filed a motion to set the discovery dispute conference as required under the scheduling order. (Doc. 94.) A discovery dispute conference

was set for October 15.  (Doc. 96.)  Plaintiff then served the remaining responses on October 11.

(Doc. 108-1 at 63–73.)  On November 1, 2024, Defendant filed its motion to compel discovery

responses after further efforts to resolve discovery matters failed.  (Doc. 108.)  The motion sought

an order 1) finding that any objections to the interrogatories were waived because the responses

were untimely; 2) requiring Plaintiff to supplement its disclosures to set forth a computation of

damages; 3) requiring Plaintiff to produce ESI in accordance with the ESI protocol in the

scheduling order; and 4) for Plaintiff to supplement certain responses to requests for production.

(Doc. 128 at 3.)  Defendant also sought attorneys' fees and costs.

Magistrate Judge Jackson entered an order granting the motion.  The court found as

follows: Plaintiff's interrogatory responses were untimely and Plaintiff failed to offer any cause or

justification for its failure to state objections in a timely manner; Plaintiff failed to provide or

identify documents to support at least two significant categories of damages; Plaintiff wholly failed

to comply with the ESI protocol in the scheduling order; and Plaintiff failed to produce responsive

documents in discovery.  Further, Magistrate Judge Jackson ordered Plaintiff to pay Defendant's

expenses "incurred in making the motion to compel, including attorney's fees."  (*Id.* at 18.)

Plaintiff timely filed an objection to the order.  Plaintiff objects to some but not all of the

rulings.  Plaintiff also filed a motion to supplement its objection.  Plaintiff's arguments will be

addressed in turn.

## II.    Standard

When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely

and specific objection to the ruling is made, the district judge is required to "modify or set aside

any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "[A]

party's objections to the magistrate judge's report and recommendation must be both timely and

specific to preserve an issue for appellate review." *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996). Further, "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Collins v. Colvin*, 640 F. App'x 698, 700 (10th Cir. 2016) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

"Under th[e] clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 2790203, at *2 (D. Kan. July 14, 2011)).

### III.    Analysis

### A.  Plaintiff's Supplement

On January 15, 2025, thirteen days after filing the objection, Plaintiff filed a motion to supplement his objection to the magistrate's order. (Doc. 133.) In that supplement, Plaintiff objects to the order as placing an undue burden and expense on Plaintiff in requiring it to comply with the ESI protocol. Plaintiff also provides an explanation that electronic documents in the custody of Jon French were destroyed by water. It is unclear if this section regarding French's computer is an attempt to comply with the magistrate's order requiring an affidavit to prove the claim of damage or if it is an objection.

According to Plaintiff, this supplement is timely because Plaintiff's counsel could not meet with the ESI vendor to ascertain the costs for compliance until December 23, 2024, and therefore, Plaintiff recently ascertained the costs to comply with the order to produce electronic discovery as ordered. Defendant objects to the supplement as untimely as Plaintiff did not raise these issues before the magistrate judge. The court agrees.

In response to the motion to compel, Plaintiff argued that Defendant had not been prejudiced by Plaintiff's failure to produce documents in "the proper electronic format" and that Defendant's first complaint regarding this issue was in September 2024.[1] (Doc. 121 at 8.) At no time did Plaintiff object to the ESI protocol as unduly burdensome due to the cost nor did Plaintiff raise this issue in response to the motion to compel. Therefore, this objection is waived because it was not presented to the magistrate judge. Further, during discovery and more than one year ago, Plaintiff was provided with an opportunity to either agree with Defendant on how to produce ESI or to file its own plan. (Doc. 46.) Plaintiff failed to do so and Plaintiff did not object when Defendant requested that the court adopt its proposed plan. Plaintiff's significantly delayed contact with a vendor is not a basis for this court to find error in Magistrate Judge Jackson's order.

Plaintiff's motion to supplement is denied.

**B. Timeliness**

Plaintiff asserts that Magistrate Judge Jackson erred by finding that Defendant's motion to compel was timely. Essentially, Plaintiff argues that the motion to compel should have been denied on the basis that it was untimely because the motion to compel was filed after the close of discovery.[2] Plaintiff's argument lacks merit.

---

[1] As pointed out by Defendant, however, Defendant did object by email in July and August on the basis that Plaintiff needs to produce discovery in compliance with the ESI protocol. (Doc. 108-1 at 108, 110.)

[2] Plaintiff also contends that "no explanation was ever given as to why SCS waited over two years to issue written discovery or waited until 35 days before discovery cutoff to submit interrogatories." (Doc. 129 at 7.) This assertion

Plaintiff argues that Defendant's motion was untimely because discovery closed on October 15 and the motion was filed on November 1.  In addressing this argument, Magistrate Judge Jackson reviewed various factors cited by a court in the District of Nevada and the authority cited by Plaintiff.  (Doc. 121 at 6–7) (citing *Herndon v. City of Henderson*, 507 F. Supp.3d 1243, 1247-48 (D. Nev. 2020)).  Magistrate Judge Jackson appropriately distinguished those cases from this matter.  Notably, Defendant filed its motion only 15 days after the close of discovery.  However, Plaintiff had not answered all of the interrogatories until October 11.  Moreover, production did not begin until July 9 and Defendant began notifying Plaintiff on September 19 of the deficiencies.  (Doc. 128 at 6.)  After a review of the history of the matter, Magistrate Judge Jackson determined that the motion was not untimely.

Plaintiff contends that this decision was erroneous and cites to various authority from outside of this district in support of its position.  Plaintiff has failed to point to a Tenth Circuit case which requires the court to deny a motion to compel as untimely when it is filed two weeks after the discovery deadline.  *See Centennial Archaeology, Inc. v. AECOM, Inc*., 688 F.3d 673, 682 (10th Cir. 2012) (finding no abuse of discretion in allowing a motion to compel filed three months after discovery and only one month before trial).  In this case, discovery did not begin until the summer of 2024 and Plaintiff produced the last discovery on October 11.  Defendant then attempted to confer and asked for a discovery hearing in October 2024.  After Defendant's attempts were unsuccessful, Defendant filed a motion to compel two weeks later.  Such action is not unduly delayed and the out of district authority cited by Plaintiff is not persuasive.

The court finds that Magistrate Judge Jackson did not err in finding that the motion to compel was timely filed.

---

is almost laughable given the documents history of this case which includes Plaintiff's motion to stay and its own requests for continuances of the discovery deadlines.

### C. Damages

Plaintiff has set forth various categories of damages in the pretrial order that total $1,571,754.62. (Doc. 126 at 10.) This amount is different than the amount in previous disclosures and the amounts addressed in Magistrate Judge Jackson's order on the motion to compel. (Doc. 128 at 8.) Rule 26(a) provides that "a party must, without awaiting a discovery request" provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party who makes a disclosure under Rule 26(a) "must supplement or correct its disclosure or response" and do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Reviewing the categories of damages, they include specific amounts from invoices, payments to subcontractors, sales tax, unpaid retainage, and interest. There are also line items for Change Order No. 16 ($250,000) and delay claim and lost profit ($500,000). (Doc. 126 at 10.) According to Defendant, Plaintiff failed to identify the basis for these categories of damages. In response to the motion to compel, Plaintiff stated that "there is no single formula anywhere found in case law, defining or limiting how an interference or delay claim is proven. It is all fact driven based on the testimony of the witnesses, how the evidence evolves at trial, the believability of the witnesses and how this Court views the testimony and evidence." (Doc. 121 at 12.) Further, although Plaintiff argued that its corporate representatives provided testimony regarding these

damages, Defendant cited to evidence that those witnesses were unable to offer any explanation or information regarding these damages. (Doc. 128 at 9.) Plaintiff provided no further argument in response to its failure to provide the disclosures.

Magistrate Judge Jackson discussed how Rule 26 requires a party to provide or identify documents supporting its damages computations and that Plaintiff failed to do so for the damages in each category. Notably, Defendant has not been provided with any facts or documents with respect to the damage claims for Change Order No. 16 and the delay claim. Plaintiff was ordered to comply with Rule 26(a) and either provide or identify all documents or other evidence upon which its damage computations are based.

Plaintiff objects to this ruling on the basis that it "has responded ad nauseum to SCS's feigned and specious claim that MEI hasn't provided sufficient proof of its damages" and that it has stated the exact amounts and cited to specific documents or calculations. (Doc. 129 at 10.) Plaintiff, however, fails to cite to any previous disclosures and its response to the motion to compel also failed to provide this information. Apparently, Plaintiff believes that its category description is self-explanatory as to the evidentiary basis of Plaintiff's calculations. With respect to the several hundred thousand dollars claimed for Change Order No. 16 and the delay claim, Plaintiff argues that the magistrate judge's order does not consider the difficulties of a big job and that no other type of lawsuit requires a specific damage calculation.[3] Plaintiff, however, fails to cite to any authority that supports its position here. The court is ordering compliance with Rule 26(a) to the extent that Plaintiff has documentary evidence to support those calculations. If Plaintiff does not have an evidentiary basis for the damages, then such damages will likely not be permitted at trial. The court is not inclined to allow Plaintiff's witnesses to testify to such damages if they did not do

---

[3] According to Defendant, there is no Change Order No. 16 for $250,000 in the record. (Doc. 108 at 5.)

so during their depositions and if documents supporting those damages were not provided during discovery. *See Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at \*3 (D. Kan. July 22, 2015).

Plaintiff's objection on this issue is overruled.

### D. Incorrect Statement of Facts

Plaintiff argues that Magistrate Judge Jackson's order relied on an inaccurate statement of facts. In a discussion concerning Defendant's request for documents, the court characterized Plaintiff's position as follows: "Plaintiff argues the documents are not relevant because Defendant's contract was a fixed price contract, a position the Defendant disputes." (Doc. 128 at 13.) Plaintiff argues that this statement was erroneous because the parties do not dispute that the contract was a fixed price contract. Plaintiff's argument is misplaced. Magistrate Judge Jackson was stating that Defendant disputed **Plaintiff's position** that the documents were not relevant.

### E. Fee Award

Finally, Plaintiff argues that Magistrate Judge Jackson erred in finding that fees were appropriate. Rule 37(a)(5) provides that if a party's motion to compel is granted, the court "must" "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(1)(A). The Rule further provides that the court "must not order this payment" if the opposing party's nondisclosure was substantially justified or if other circumstances make an award of expenses unjust. Defendant requested fees in its motion to compel. (Doc. 108 at 10.) Plaintiff did not address the fee request on the merits. (*See* Doc. 121 at 14.)

In finding that an award of fees and costs was appropriate, Magistrate Judge Jackson considered several criteria set forth by the Tenth Circuit. The court ultimately held that Plaintiff had not fulfilled its obligations to cooperate in discovery and continued to make excuses and dismiss its conduct as a non-issue in response to the motion to compel. Plaintiff failed to properly produce or identify documents supporting its damages calculations, disregarded the ESI protocols, and "for the first time in its response claimed that requested documents were lost due to a computer crash without any further explanation." (Doc. 128 at 17.) The court further held that "an award of fees and expenses is the mildest sanction for a party's failure to cooperate in discovery." *Id.*

Plaintiff objects to this ruling on the basis that its responses were substantially justified, the magistrate judge erred in finding the motion timely, and the fee request is outrageous. With respect to the first objection, Plaintiff argues that it produced all documents in the way they were kept in the ordinary course of business and Defendant never complained about Plaintiff's failure to produce documents in their native format. Plaintiff's arguments lack merit. The emails attached to the motion to compel show that Defendant notified Plaintiff that its production was not in compliance with the ESI protocol. That protocol controlled in this case and Plaintiff failed to comply with it. Plaintiff essentially ignored its obligations under the discovery order and made no attempt to even contact a vendor until after the order was entered by Magistrate Judge Jackson. Plaintiff's position on this issue was not substantially justified.

Next, Plaintiff complains that the motion was untimely and that the decision compelling disclosure on damages was erroneous. These arguments have already been addressed herein. Finally, Plaintiff asserts that Defendant's fee request submitted after Magistrate Judge Jackson's order is outrageous. Because the parties could not agree on the amount, however, Defendant filed a subsequent motion which is currently pending before the magistrate. (Doc. 135.) Therefore, this

objection is premature.  Moreover, Plaintiff failed to raise any arguments in opposition to the request for attorney's fees before the magistrate judge.

Under Rule 37(a)(5), an award of attorney's fees was required because Defendant's motion was granted and there was not an appropriate basis under the rule to deny fees.  The court finds that Magistrate Judge Jackson did not err in awarding fees in connection with filing the motion to compel.

## IV.    Conclusion

Plaintiff's objection (Doc. 129) is OVERRULED.  Plaintiff's motion to supplement (Doc. 133) is DENIED.

IT IS SO ORDERED.  Dated this 10th day of February 2025.

___ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE