# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

MORSE ELECTRIC, INC.,  )
          )
   **Plaintiff,**   )
          )
   **v.**     )  **Case No. 22-CV-91-JWB-GLJ**
          )
STEARNS, CONRAD AND  )
SCHMIDT CONSULTING  )
ENGINEERS, INC.,   )
          )
   **Defendant.**  )

## <u>ORDER</u>

Before the Court is Defendant Stearns, Conrad and Schmidt, Consulting Engineers, Inc.'s Motion for Attorneys' Fees [Docket No. 135].   This action arises out of a contract dispute between Plaintiff Morse Electric, Inc. and Defendant.  On August 24, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 [Docket No. 44].  For the reasons stated below, Defendant Stearns, Conrad and Schmidt, Consulting Engineers, Inc.'s Motion for Attorney's Fees [Docket No. 135] is GRANTED IN PART and DENIED IN PART.

### Procedural Background

A summary of the procedural background is set forth in the Order on Defendant's Motion to Compel Discovery Responses [Docket No. 128].  On January 2, 2025, Plaintiff filed its FRCP 72 Objection to and/or Appeal of Magistrate[ Judge's] Order [Docket No.

129], which was denied in the Memorandum and Order on February 10, 2025 [Docket No. 144].

On January 16, 2025, Defendant filed its motion for attorney's fees, seeking an award of attorney's fees in the amount of $59,391.00 related to its motion to compel. *See* Docket No. 135. Plaintiff opposes Defendant's motion, arguing the fee amount requested is not proportional to the issues involved, Defendant's counsel engaged in "block billing," includes time for matters that are not recoverable under Fed. R. Civ. P. 37(a), includes unreasonable hours billed, seeks unreasonable billing rates, and the motion failed to include the required *Burk*[1] affidavit. *See* Docket No. 137.

## Analysis

### I.     Reasonableness of Fees

The starting point for a reasonable fee is the "lodestar" figure, which is "the number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *see also Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023) (in Rule 37 context, "[t]he lodestar calculation produces a presumptively reasonable fee." (internal quotations omitted)). The calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny*

---

[1] *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659.

*A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D.N.M. 2011) (discussing factors supporting a lodestar award). The burden of proving the reasonableness of the hours and rate is on the applicant. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

### A.    Reasonableness of the Hours Billed

In evaluating a reasonable fee, the "first step in calculating the lodestar [is] determining the number of hours reasonably spent by counsel for the party seeking fees." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Defendant bears the burden of "prov[ing] and establish[ing] the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). The reasonableness component as to billing judgment requires the Court to consider "'whether the attorney's hours were necessary under the circumstances' and 'approaches this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Read v. Oklahoma Flintrock Prod., LLP,* 2023 WL 3510494, at *3 (N.D. Okla. May 17, 2023) (quoting *Robinson*, 160 F.3d at 1281 (cleaned up)).

In making these determinations, the Court may refer to affidavits, briefs, and depositions. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007) (citing *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) and *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005)). Furthermore, the Court is entitled to rely on its own knowledge and experience in

determining an appropriate number of hours for the relief requested. *See Davis v. Dura-Line Corp.*, 2023 WL 6129489, at *3 (E.D. Okla. Sept. 19, 2023); *Mares*, 801 F.2d at 1203 ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

Defendant's motion seeks to recover fees for time billed by four attorneys and a paralegal. Specifically, Defendant seeks to recover the following fees:

| Name | Hours Worked | Billed Hourly Rate[2] | Fees Incurred |
|---|---|---|---|
| Neal Sweeney Partner | 20.6 | $495 | $10,197.00 |
| Amy Anderson Partner | 27.9 | $460 | $12,834.00 |
| Bradley Sands Associate | 47.4 | $350 | $16,590.00 |
| Caitlin Kicklighter Associate | 58.2 | $330 | $19,206.00 |
| Samantha Miller Paralegal | 2.4 | $235 | $564.00 |
| **Total** | **156.5** | | **$59,391.00** |

The Court carefully evaluated Defendant's fee request, keeping in mind the factors identified by the Tenth Circuit to consider when "determin[ing] the reasonableness of the number of hours expended in litigation," including:

---

[2] The hourly rates requested in Defendant's motion were reduced from their regularly charged hourly rates. *See* Docket No. 135, Ex. 1.

(1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers.

*Stenson*, 86 F.4th at 879 (internal quotations omitted).  On this basis, the Court finds some reductions are necessary as to the hours expended in this matter as set forth below.

### 1. Fees incurred in making the motion

When a party successfully brings a motion to compel under Rule 37, the court must "require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion. . . ."  Fed. R. Civ. P. 37(a)(5)(A).  "This language has been interpreted differently by different courts, with the central question being what activities are involved in making the motion to compel or other discovery motion."  *Laca v. United States*, 2024 WL 4203494, at *8  (N.D. Okla. September 16, 2024) (citing *L.H.H. ex rel. Hernandez v. Horton*, 2015 WL 1057466, at *5 (N.D. Ind. March 10, 2015) ("There is some inherent ambiguity in the phrase 'making the motion' . . . since neither the phrase itself, nor the Rule generally, says much about what tasks are part of making a motion and which, though ancillary and related, are not.")).  In summarizing the issue, the *Laca* court noted that "[m]ost courts have recognized the limiting nature of Rule 37's language and require some nexus between the activity billed and the ultimate filing of the motion, *id*. (citing *Kodiak Cakes, LLC v. JRM Nutrasciences, LLC*, 2021 WL 1171706, at *2 (D. Utah Mar. 29, 2021)), but also noting that some courts have taken a narrow interpretation of only recovering fees for drafting and filing the motion and any reply in support, *id*. at *8-9 (citing *Brown v. City of Glendale*, 2019 WL 3412585,

at *3–4 (D. Ariz. July 29, 2019) (the court should "reduce any assessment to reflect [only] Defendants' reasonable attorneys' fees and costs in drafting and filing the motion and any reply in support, reviewing Plaintiff's response to the motion, and preparing for and attending the" hearing, and rejecting "time spent reviewing deficient discovery responses and meeting-and-conferring with opposing counsel"); *Bland v. Booth*, 2020 WL 13700683, at *2 (E.D.N.C. March 23, 2020) (time spent "in an effort to resolve the dispute . . . without court intervention . . . is not properly compensable because such efforts are a prerequisite to filing a motion to compel and therefore lie outside its scope").

Like the court in *Laca*, this Court declines to adopt the overly restrictive interpretation of Rule 37 advocated by Plaintiff that recoverable fees include only those fees incurred in drafting, filing or attending hearings regarding the motion to compel. Nonetheless, the Court agrees that Defendant's Motion includes a variety of tasks that, although likely necessary, "would have been performed regardless of whether a motion to compel was filed." *Perregrine Communications, Inc.*, 2009 WL 1084829, at *2 (D. Colo. April 21, 2009) (citing *Primex, Inc. v. Visiplex Technologies, Inc.*, 2006 WL 538992, *3 (W.D.Wis. 2006) (declining to award attorney's fees for time spent completing tasks that would have been performed regardless of whether a motion to compel was filed); *Creative Resources Group of N.J., Inc. v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (holding that a party could not recover fees under Rule 37 for work that would have been incurred in the course of normal discovery).  For example, Defendant includes multiple time entries for tasks such as reviewing or analyzing Plaintiff's discovery

responses and objections, reviewing and analyzing various depositions, and legal research regarding Fed. R. Civ. P. 30(b)(6) standards.[3]  Additionally, beginning on August 28, 2024, Defendant has multiple time entries related to drafting a discovery deficiency letter to Plaintiff's counsel.  *See* Docket No. 135, Ex. A-1.  For example, over a two-month period approximately 22 hours are billed for drafting a discovery deficiency letter and additional hours are incurred reviewing the response and drafting a following up letter.  *Id*.  While likely a prerequisite step in ultimately bringing the motion to compel, under the circumstances the Court cannot find such an extensive expenditure of time to have a reasonable nexus to the ultimate motion.  Instead, the Court finds that much of these time entries appear to be focused on analyzing the discovery and damages issues underlying the various discovery disputes.  As such, the Court strikes such hours as not reasonably related to the motion to compel to be recoverable.

## 2.  Block billing and vague time entries

Many time entries include the listing of multiple tasks performed on a single day by a lawyer without any contemporaneous allocation of the specific time for each task. Instead, Defendant has, apparently subsequent to issuing the invoices, revised the entries to allocate specific time for the tasks for which it now seeks to recover.  *See*, *e.g.*, Mr. Sands entry for September 3, 2024.  Even then, however, on multiple occasions Defendant does not specifically allocate the time for each distinct task for which it seeks to recover

---

[3] *See*, *e.g.*, Ms. Anderson entries on August 13, 15, and 20, 2024; Ms. Kicklighter entries on September 12, 17, and 18, 2024.  *See* Docket No. 135, Ex. A-1

for a particular day. *See*, *e.g.*, Mr. Sands entry for October 2, 2024. This is classic "block billing" that has long been discouraged in fee applications. *See Dura-Line*, 2023 WL 6129489, at *3 (citing *Barbosa v. Nat'l Beef Packing Co., LLC*, 2015 WL 4920292, at *9 (D. Kan. Aug. 18, 2015) ("'Block billing' is the practice of lumping multiple tasks into a single entry of time such that the billing entry does not delineate how hours were allotted to specific tasks.") (citing *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214-1215 (10th Cir. 2000).

"[W]here block billing makes it difficult, if not impossible, for the Court to determine the amount of time spent on specific tasks, a general reduction in attorney fees may be warranted." *Oklahoma Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1264 (N.D. Okla. 2004) (citing *Robinson*, 160 F.3d at 1281 ("[A] district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'")); *see also Ross v. Rothstein*, 2016 WL 274878, at *6 (D. Kan. Jan. 22, 2016) ("[T]he Tenth Circuit has determined that a discount of the requested hours is warranted if the records submitted do not allow the Court to determine how counsel allotted the time to specific tasks and the reasonableness of that time.") (citing *Cadena*, 224 F.3d at 1215 (affirming district court's refusal to reduce a fee request based on counsel's block billing because the billing records submitted allowed the court to determine the time allotted to specific tasks and the reasonableness of the time)). "Block billing does not[, however,] call for disallowing the entire sum, although the Court may reduce the

overall amount." *Payne v. Tri-State Careflight, LLC*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017).  Although Defendant allocates the requested time for the block billing entries, it is apparent these allocations were not done contemporaneously to the tasks performed or even when the invoices were prepared and were not allocated by each requested task within the block billing entry.  Because of the difficulty in evaluating the reasonableness of such entries, the Court finds a reduction is appropriate due to the block billing submitted by Defendant's counsel in this case.  *See*, *e.g.*, *Barbosa*, 2015 WL 4920292, at *9 (applying a general reduction of 50% to block-billed entries).  The Court therefore reduces otherwise recoverable block billing entries by 25% and, where the requested block billed time includes allowed and disallowed time, the entry is reduced by 50%.

Defendant also has entries for which the descriptions are vague.  For example: "[w]ork on motion to compel" Ms. Anderson entries on October 8 and 10, 2024; "[w]ork on motion to compel documents" Ms. Anderson entry on October 11, 2024; "continue to work on Motion to Compel" Mr. Sands entry on October 4, 2024; and "working on discovery disputes" Mr. Sweeney entry on October 9, 2024.  *See* Docket No. 135, Ex. A-1.  Such vague descriptions make it difficult for the Court to assess reasonableness and the actual task performed, including "'whether the attorney's hours were necessary under the circumstances' and 'approaches this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Read v. Oklahoma Flintrock Prod., LLP*, 2023 WL 3510494, at *3.  Nonetheless, the Court can "rely on its own knowledge and experience in determining an appropriate number of

hours for the relief requested."  *Dura-Line*, 2023 WL 6129489, at *3 (citing *Mares*, 801 F.2d at 1203 ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").  Vague or extremely general task descriptions, particularly when used by multiple attorneys for similar tasks make it difficult for the Court to evaluate the reasonableness of the time expended. Therefore, the Court reduces vague time entries for otherwise recoverable tasks by 25%.

### 3.  Duplicative billing

In several instances, Defendant seeks to recover fees from multiple attorneys for the same or a similar task.  For example, the November 22, 2024, entries by Mr. Sands, Ms. Kicklighter and Ms. Anderson all involve reviewing Plaintiff's response to the motion to compel and drafting a reply, and the December 4, 2024, entries by Ms. Anderson, Ms. Kicklighter and Mr. Sands all involve reviewing and revising the reply.  *See* Docket No. 135, Ex. A-1.  Where multiple attorneys billed for the same task, the Court allows recovery of only one attorney's time for such task.

### 4.  Proportionality and *Burk* factors

Plaintiff argues that the total fees requested by Defendant are not proportional to the case because the discovery obtained by the motion to compel is not relevant to the issues to be tried in the case.  Additionally, Plaintiff argues Mr. Sweeney's declaration

inadequately supports the fee motion because it does not address all the *Burke* factors set forth in *Fleig v. Landmark Construction Group*, 2024 OK 24, 549 P.3d 1208.

First, the Court considered the factors set forth by the Tenth Circuit for determining the reasonableness of the requested hours, including the complexity of the case and efforts by Defendant necessitated by Plaintiff's discovery conduct. *See Stenson*, 86 F.4th at 879. Moreover, much of Plaintiff's argument regarding proportionality is simply an attempt to relitigate the issues resolved in the motion to compel and are not relevant here. Second, as set forth above, the Court reduced the requested time based on the lack of a sufficient nexus to the motion to compel, block billing, and vague and duplicative time entries such that it is allowing the recovery of only reasonable time related to the motion to compel. While the discovery issues presented in the motion to compel were not particularly complex, it was Plaintiff's multiple failures to fulfill its discovery obligations that necessitated the motion to compel and significantly contributed to the size of the attorneys' fee request. Further, Plaintiff has not shown that Defendant was obligated to file a "*Burke* affidavit" in support of its motion. Therefore, the Court finds that Mr. Sweeney's declaration adequately supports the motion for attorneys' fees as adjusted herein.

### 5. Reasonable hours billed

Applying the above-described reductions and adjustments, the Court finds the following hours to be reasonable.

i.    *Neal Sweeny*

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|------|---------------------|-------|----------------------|---------------|
| 10/14/24 | Work on discovery, prep for discovery conference and motion to compel | 2.20 | Block billing; includes disallowed entry; vague (50%) | 1.1 |
| 10/15/24 | Prepare and participate in discovery conference; meet and confer with opposing counsel; follow-up with same | 5.0 | Block billing (25%) | 3.75 |
| 10/24/24 | Work with Amy Anderson re drafting motion to compel; follow up re motion to compel | 2.5 | Block billing; vague; duplicative with AKA entry on 10/24/24 | 0.0 |
| 10/25/24 | Working on motion compel | 1.6 | Block billing; includes disallowed entry; vague (50%) | .80 |
| 10/30/24 | Working on discovery and motions | 1.2 | Vague; duplicative | 0.0 |
| **Total** | | **12.5** | | **5.65** |

ii.    *Amy K. Anderson*

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|------|---------------------|-------|----------------------|---------------|
| 9/26/24 | Work on motion to compel | .60 | Vague (25%) | .45 |
| 10/2/24 | Analyze court's discovery order/communicate with Plaintiff | .40 | | .40 |

| 10/3/24 | Communicate with court re discovery conference | 1.0 | Block billing; includes disallowed entry (50%) | .50 |
| 10/4/24 | Work on motion to compel | 1.8 | Block billing; includes disallowed entry; vague (50%) | .90 |
| 10/7/24 | Review, prepare outline for motion to compel | .60 | Block billing (25%) | .45 |
| 10/8/24 | Work on motion to compel | .80 | Vague (25%) | .50 |
| 10/9/24 | Draft, revise motion to compel | .80 | Block billing; includes disallowed entry (50%) | .40 |
| 10/10/24 | Work on motion to compel | 1.2 | Block billing (25%); vague (25%) | .60 |
| 10/11/24 | Work on motion to compel; review, analyze Plaintiff's response to discovery conference | 3.0 | Block billing; includes disallowed entries; vague (50%) | 1.5 |
| 10/16/24 | Initial review of Plaintiff's letter related to discovery conference | .30 | | .30 |
| 10/18/24 | Work on updating motion to compel and meet and confer | .40 | | .40 |
| 10/21/24 | Revise motion to compel | .60 | Block billing (25%) | .45 |
| 10/22/24 | Work on motion to compel and discuss strategy re same | .50 | | .50 |
| 10/24/24 | Work on motion to compel | 3.0 | Block billing; includes disallowed entry; vague (50%) | 1.5 |
| 10/25/24 | Continue drafting, revising motion to compel & declaration | .70 | Block billing; includes disallowed entry (50%) | .35 |
| 10/29/24 | Draft, revise motion to compel and | 1.0 | Block billing (25%) | .75 |

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|---|---|---|---|---|
| | discuss with Kicklighter | | | |
| 11/22/24 | Receive, analyze response to motion to compel | 1.0 | Block billing; duplicative with BES and CRK entries on 11/22/24 | 0.0 |
| 12/4/24 | Draft, revise reply | 1.0 | Block billing; duplicative with BES and CRK entries on 12/4/24 | 0.0 |
| 12/5/24 | Draft, revise reply for motion to compel | .80 | Block billing; duplicative with BES and CRK entries on 12/5/24 | 0.0 |
| **Total** | | **19.5** | | **9.95** |

### iii.    Bradley E. Sands

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|---|---|---|---|---|
| 9/24/24 | Outline Rule 37 arguments | .80 | | .80 |
| 9/25/24 | Outline Rule 37 motion | 1.5 | Block billing (25%) | 1.125 |
| 9/26/24 | Continue developing Rule 37 arguments | .90 | Block billing (25%) | .675 |
| 10/2/24 | Work with Anderson and Kicklighter on motion to compel | 2.0 | Block billing; includes disallowed entry; vague (50%) | 1.0 |
| 10/3/24 | Drafting motion requesting discovery conference; continue work on motion to compel | 2.5 | Block billing; includes disallowed entries; vague (50%) | 1.25 |
| 10/4/24 | Work on motion to compel | 1.2 | Block billing; vague (50%) | .6 |
| 10/14/24 | Prepare outline of talking points for discovery conference | 3.0 | Block billing (25%) | 2.25 |

| 10/31/24 | Review and draft motion to compel | 1.0 | Block billing (25%) | .75 |
| 11/1/24 | Review & revise motion to compel and declaration | 2.1 | Duplicative with CRK entries on 11/1/24 | 0.0 |
| 11/22/24 | Analyze Plaintiff's response to motion to compel and develop arguments for response | 2.1 | Duplicative with AKA & CRK entries on 11/22/24 | 0.0 |
| 12/04/24 | Review/revise reply for motion to compel | 2.4 | Duplicative with CRK entry on 12/4/24 | 0.0 |
| 12/5/24 | Review and revise reply for motion to compel | 1.4 | Duplicative with AKA and CRK entries on 12/5/24 | 0.0 |
| **Total** | | **20.9** | | **8.45** |

iv.    *Caitlin R. Kicklighter*

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|---|---|---|---|---|
| 10/2/24 | Rev 10th Cir. cases in support of Rule 37 motion | 1.3 | Vague (25%) | .975 |
| 10/3/24 | Continue rev. 10th Cir. cases in support of motion to compel | 1.2 | Vague (25%) | .90 |
| 10/3/24 | Begin drafting motion to compel | 4.3 | | 4.3 |
| 10/3/24 | Begin drafting declaration for motion to compel | 2.4 | | 2.4 |
| 10/3/24 | Revise argument in motion to compel | 1.8 | | 1.8 |
| 10/3/24 | Revise background of motion to compel | .60 | | .60 |
| 10/4/24 | Collect/organize exhibits for motion to compel | .80 | | .80 |

| | | | | |
|---|---|---|---|---|
| 10/4/24 | Continue revise motion to compel | 1.5 | | 1.5 |
| 10/11/24 | Revise motion to compel | 1.4 | | 1.4 |
| 10/23/24 | Revise motion to compel and declaration | 3.1 | | 3.1 |
| 10/25/24 | Revise motion to compel | 1.7 | | 1.7 |
| 10/31/24 | Revise declaration | 4.2 | Excessive (25%) | 3.15 |
| 11/1/24 | Finalize exhibits for motion to compel/declaration | 1.2 | | 1.2 |
| 11/01/24 | Review/revise motion to compel/declaration | .80 | | .80 |
| 11/1/24 | Finalize motion to compel & declaration | .90 | | .90 |
| 11/22/24 | Review Plaintiff's response to motion to compel and draft reply outline | 1.6 | | 1.6 |
| 11/25/24 | Revise outline of reply | .60 | | .60 |
| 12/2/24 | Begin drafting reply | 1.5 | | 1.5 |
| 12/3/24 | Continue drafting reply | 5.4 | Excessive (25%) | 4.05 |
| 12/3/24 | Conference with Brad Sands re arguments in reply | .30 | | .30 |
| 12/4/24 | Review and revise reply | .30 | | .30 |
| 12/5/24 | Review and revise reply | 1.4 | | 1.4 |
| 12/5/24 | Review and finalize reply | .50 | | .50 |
| **Total** | | **38.8** | | **35.775** |

     *v.*     *Samantha Miller*

| Date | General Description | Hours | Adjustment/Reduction | Hours Allowed |
|------|---------------------|-------|----------------------|---------------|
| 11/1/24 | Prepare exhibits to motion and declaration and file with court | 1.2 | | 1.2 |
| **Total** | | **1.2** | | **1.2** |

## II.    Reasonableness of hourly billing rates

"To determine what constitutes a reasonable rate, the district court considers the 'prevailing market rate in the relevant community.'" *Laca*, 2024 WL 4203494, at *11 (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quoting *Malloy*, 73 F.3d at 1018)). The party requesting attorney fees "must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "In making these determinations, the court may refer to 'affidavits submitted by the parties and other reliable evidence of local market rates. . . .'" *Busby v. City of Tulsa*, 2018 WL 7286180, at *3 (N.D. Okla. Oct. 23, 2018) (quoting *Case*, 157 F.3d at 1256). "[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation. . . ." *Jones*, 478 F. Supp. 2d at 1326.

In support of its requested hourly rates, Defendant sets forth the background and experience of each timekeeper on the matter and argues that this case requires the specialized knowledge of construction attorneys. *See* Docket No. 135, Ex. A.

Additionally, Defendant notes that the hourly rates it seeks are reduced from their regular hourly rates as attorneys located in Houston, Texas. Defendant also submits the affidavit of Mark Banner, an attorney who has practiced in Oklahoma for 36 years in the areas of civil litigation with a focus on oil and gas and energy litigation. *Id.*, Ex. C. Mr. Banner opines that although he believes the requested hourly rates for Mr. Sweeney ($495), Ms. Anderson ($460) and Ms. Miller ($235) are reasonable rates in the Oklahoma market, he believes Ms. Kicklighter's hourly rate should be adjusted from $330 to $255 and Mr. Sands' hourly rate from $350 to $330. *Id.*

Plaintiff counters that, although conceding the experience of the Defendant's various attorneys, the issue involved merely a motion to compel in a basic construction case and Defendant failed to submit a required *Burke* affidavit addressing the various factors in *Fleig*, 2024 OK 24, 549 P.3d 1208. *See* Docket No. 137, pp. 20-22. Defendant further highlights several cases from the federal courts for the Northern and Eastern Districts of Oklahoma in which hourly rates less than those requested by Defendant were awarded. *Id.*, pp. 22-23. Noticeably absent, however, is any discussion by Plaintiff of the fee recently awarded in the Northern District of Oklahoma case in which Plaintiff's counsel requested and was awarded an hourly rate of $400 or the other cases discussed therein. *See Laca*, 2024 WL 4203494, at *12. *See also Chatman v. Buller*, 2013 WL 5729603, at *2 (E.D. Okla. Oct. 22, 2013) (finding Tulsa, Oklahoma part of the "relevant area for purposes of determining a reasonable rate," due to its proximity to the Eastern District of Oklahoma and the number of Tulsa-based attorneys who practice in this Court). Additionally, Plaintiff submitted the affidavit of Joseph Farris, an attorney who has practiced in

Oklahoma for 48 years in the areas of civil litigation with a focus on areas including construction law. Mr. Farris opines that the Defendant's requested hourly rates are not consistent with the hourly rates charged in the Eastern District of Oklahoma, asserting they are at least one-third higher than the prevailing local rates for attorneys with similar experience. *Id*. Mr. Farris opines that reasonable hourly rates are $300 for Ms. Anderson, $250 for Mr. Sands, $200 for Ms. Kicklighter and $150 for Ms. Miller. *Id*. Mr. Farris believes, however, that Mr. Sweeney's hourly rate of $495 is reasonable. *Id*.

Based on Mr. Farris' concession that Mr. Sweeney's requested rate is reasonable, the Court accepts his hourly rate as unchallenged and will address the other timekeeper's rates. Ms. Anderson is a partner at Jones Walker with 12 years' experience in complex commercial and construction litigation in federal and state courts, who routinely handles construction delay and defect claims. *See* Docket No. 135, Ex. 1. While experienced in construction litigation, Ms. Anderson's experience is significantly less than Mr. Sweeney, who has over 30 years of construction law experience. *Id*. The Court further notes that under their preadjusted rates, Mr. Sweeney's hourly rate is $765, and Ms. Anderson's hourly rate is $530. *Id*. Thus, Ms. Anderson's proposed hourly rate is a substantially higher proportion of Mr. Sweeney's adjusted rate of $495 without providing any basis to support such a rate. Therefore, a reduction to Ms. Anderson's hourly rate is warranted to align it with the prevailing market rate in Oklahoma as compared to Mr. Sweeney's unopposed rate. The Court finds Ms. Anderson's reasonable hourly rate for purposes of the motion to compel is $390.

Mr. Sands is a senior associate who has been an attorney for approximately eight years and at Jones Walker since 2019 with a practice focused exclusively on the construction industry. *Id*. Prior to law school, Mr. Sands worked as a civil engineer. *Id*. The Court finds Mr. Farris' proposed rate of $250 to be well below Oklahoma's prevailing market rate for with someone with Mr. Sands' specialized background and experience. Mr. Banner recommends that Mr. Sands' reasonable hourly rate is $330 and the Court agrees this aligns with his experience and Oklahoma market rates.

Ms. Kicklighter is a first-year associate attorney who works exclusively in the Jones Walker construction practice group. *Id*. Although a relatively new lawyer, Ms. Kicklighter worked with Mr. Sweeney and Mr. Sands as a case clerk on several complex cases at Jones Walker before attending law school. *Id*. The Court finds Mr. Farris' proposed rate of $200 to be below Oklahoma's prevailing market rate for with someone with Ms. Kicklighter's background and experience. Mr. Banner recommends that Ms. Kicklighter's reasonable hourly rate is $255 and the Court agrees this aligns with her experience and Oklahoma market rates.

Ms. Miller is a paralegal with four years' experience in the Jones Walker construction practice group. *Id*. Ms. Miller has worked with Mr. Sweeney and Mr. Sands on several complex matters. *Id*. Given Ms. Miller's relative limited experience in construction litigation, however, the Court finds Ms. Miller's reasonably hourly rate for purposes of the motion to compel is $200.

In summary, the Court finds that Defendant should be awarded the following attorney's fees related to its motion to compel.

| Timekeeper | Total Hours | Hourly Rate | Fees |
|---|---|---|---|
| Neal Sweeney | 5.65 | $495 | $2,796.75 |
| Amy K. Anderson | 9.95 | $390 | $3,880.50 |
| Bradley E. Sands | 8.45 | $330 | $2,788.50 |
| Caitlin R. Kicklighter | 35.775 | $255 | $9,122.63 |
| Samantha Miller | 1.2 | $200 | $240.00 |
| Totals | 61.025 | | $18,828.38 |

Therefore, Defendant is awarded reasonable attorneys' fees in the amount of **$18,828.38**, for 61.025 hours of work related to the motion to compel.

### Conclusion

Accordingly, as set forth herein, Defendant Stearns, Conrad and Schmidt, Consulting Engineers, Inc.'s Motion for Attorneys' Fees [Docket No. 135] is GRANTED IN PART  and DENIED IN PART.

IT IS SO ORDERED this 6th day of March 2025.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**